UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                      Criminal Case No. 12-20701

v.                                                        Civil Case No. 14-13094
                                                          HON. DENISE PAGE HOOD

KEITH PIERCE,

    Defendant-Petitioner.
_____/

**ORDER SETTING HEARING FOR MOTION UNDER 28 U.S.C. § 2255**

This matter is before the Court on Defendant-Petitioner Keith Pierce's Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255 seeking to withdraw his plea of guilty *nunc pro tunc* to February 13, 2013. The Government filed a response agreeing to the request made by Defendant.

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States,* 368 U.S. 487, 493 (1962). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262 (1971). The proper procedure by which to challenge a federal plea-based conviction is set forth under 28

U.S.C. § 2255 which provides that unless the motion and records of the case conclusively show that the prisoner is entitled to no relief, the court must hold a hearing, determine the issues and make findings of fact and conclusions of law. *Peavy v. United States,* 31 F.3d 1341, 1345 (6th Cir. 1994); 28 U.S.C. § 2255.

The Sixth Circuit "*emphasized* that an integration clause would ordinarily prevent any assertion that there were side deals or promises." *Peavy,* 31 F.3d at 1345 (italics added). A plea agreement's integration clause precludes a defendant from asserting there exists another agreement apart from the written plea agreement. *United States v. Hunt,* 205 F.3d 931, 936 (6th Cir. 2000). A plea is presumed to be voluntary if all promises are contained in the plea agreement with an integration clause. *Osuna v. United States*, 2011 WL 5088710 at *4 (W.D. Mich. Oct. 25, 2011). To overcome this presumption, a defendant must *attest* to the fact that both he and the government acknowledged another agreement. *Id.* The existence of an integration clause, however, will not always preclude consideration of oral promises. *United States v. Smith,* 429 F.3d 620, 630 (6th Cir. 2005). A hearing is warranted to determine the terms of an oral promise, even where there was an integration clause, if the government concedes that there had been an oral promise that had been omitted from the written agreement. *Id.* If the complete terms of the side agreement were never disclosed to the district court at the time of the plea, a hearing is required if the

parties' silence especially, if the non-disclosure of the side agreement, is deliberate. *Peavy,* 31 F.3d at 1345.

The Rules of Criminal Procedures state that before accepting a plea of guilty, the court must address the defendant personally in open court and determine that the plea is voluntary and not the result of force or threats or promises made apart from those set forth in the plea agreement. Fed. R. Crim. P. 11(b)(2). When the record of a plea is incomplete and where the procedures of a plea are deliberately circumvented, the court cannot draw meaningful inferences from the defendant's silence as to any side agreements. *Peavy*, 31 F.3d at 1346. The district court "must take pains to ensure that all of the promises or assurances that the defendant claims to have received are disclosed." *Id.* Counsel for the government and the defendant must fully inform the court of all terms of the plea agreement, whether or not specifically asked. *Id.*

A plea agreement is traditionally analyzed under general principles of contract law. *Id.* Because a guilty plea involves the waiver of fundamental constitutional rights, the application of ordinary contract law principles to a plea agreement is not always appropriate. *Id.* When the prosecution breaches the plea agreement, the proper remedy may be either specific performance or permitting the defendant to withdraw his plea. *Id.* The choice between these remedies is not up to the defendant but, rather, rests on the sound discretion of the district court. *Id.* The district court

must determine who (agents, the government's attorney, etc.) made the promises to the defendant and, if so precisely what the promises were, whether the agent had the apparent authority to make the promises on behalf of the government, and whether the defendant relied, to his detriment, on the promises. *Id.* at 1347. The district court must ultimately determine whether the plea was a voluntary and intelligent plea. *Id.*

In this case, the parties agree that promises were made by a representative from the Health and Human Services/Office of Inspector General, that a plea in violation of 18 U.S.C. § 1001 would not result in either permissive or mandatory exclusion from eligibility to participate in any federal health care programs, upon which Defendant now claims he relied on to his detriment. Sufficient evidence submitted by Defendant shows such a promise may have been made. However, the record submitted by the parties does not show whether the parties informed the court of this promise; no transcript of the plea hearing was submitted. The Rule 11 Plea Agreement, with an integration clause, does not expressly contain such a promise. (Doc. No. 9) The Rule 11 Plea Agreement indicates that "this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan." (*Id.*, Pg ID 27)

Defendant does not claim that the U.S. Attorney's Office made a promise which it failed to fulfill but, rather, that Defendant relied upon, along with the U.S.

4

Attorney's Office, the HHS/OIG's representations when Defendant entered his plea. At the direction of the Sixth Circuit, the court must determine whether the defendant entered a voluntary and intelligent plea and that the Court cannot make any inferences by Defendant's silence as noted above. The parties expressly agreed in the Rule 11 Plea Agreement that the agreement did not bind any government agency other than the U.S. Attorney's Office and that the integration clause of the Rule 11 Plea Agreement specifically indicates that the agreement was the complete agreement between the parties. (*Id.*) Given that Defendant agreed to the Rule 11 Plea Agreement with these provisions and does not claim the U.S. Attorney's Office breached the agreement, the Court has no clear basis to set aside the Judgment and the Rule 11 Plea Agreement based on the parties' submissions.

However, there may be a basis if the parties can show that the HHS/OIG agent who made the promise had the "apparent authority" to make such promises on behalf of the "government." *Peavy,* 31 F.3d at 1347. Case law makes clear that while fundamental fairness requires that promises made during plea-bargaining and analogous contexts be respected, this rule is subject to two conditions: 1) the agent must be authorized to make the promises; and 2) the defendant must rely to his detriment on the promise. *United States v. Streebing,* 987 F.2d 368, 372 (6th Cir. 1993). This court must determine whether the HHS/OIG agent had the authority to

5

make the promise and whether Defendant relied on the promise to his detriment. Although the parties believe no evidentiary hearing is required, the Sixth Circuit noted that the court cannot draw meaningful inferences from the defendant's silence (and/or the government's) as to any side agreements and entry of a plea where the promise at issue was not part of the written Rule 11 Agreement. *Peavy*, 31 F.3d at 1346. The district court's factual findings must be based on evidentiary support, not unverified assertions in motions or responses. *Id.* Based on the documents submitted in this matter, the court also cannot determine if the parties informed the court of the HHS/OIG promises since the parties did not provide a transcript of the plea hearing.

The court finds summary dismissal of the § 2255 motion is not conclusively supported by the record, therefore an evidentiary hearing will be set to determine the HHS/OIG agent's authority to bind the government and whether Defendant relied to his detriment on the promise. 28 U.S.C. § 2255(b). The court will then determine the issues and make findings of fact and conclusions of law and determine, in its discretion, whether specific performance or withdrawal of the plea is required.

Accordingly,

IT IS ORDERED that a hearing is set in this matter for **Wednesday, August 20, 2014, 9:00 a.m.**

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: August 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 15, 2014, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager