UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,              Criminal Case No. 12-20701

v.                                                  Civil Case No. 14-13094
                                                  HON. DENISE PAGE HOOD

KEITH PIERCE,

    Defendant-Petitioner.

_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**and**
**ORDER GRANTING MOTION UNDER 28 U.S.C. § 2255**

**I.    BACKGROUND**

This matter is before the Court on Defendant-Petitioner Keith Pierce's Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255 seeking to withdraw his plea of guilty *nunc pro tunc* to February 13, 2013. The Government filed a response agreeing to the request made by Defendant. An evidentiary hearing was held on August 20, 2014. Supplemental briefs have been filed by the parties. For the reasons set forth below, the Court grants Pierce's Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255.

## II.   FINDINGS OF FACT

Pierce and his counsel, Mark Kriger, testified at the evidentiary hearing. Although he was not offered as a witness at the hearing, Assistant United States Attorney Christopher Varner indicated he agreed with Kriger's testimony as to discussions between Kriger, the Health and Human Services Office of the Inspector General ("HHS/OIG") and the United States Attorney's Office in Detroit, Michigan.

Pierce graduated from the Wayne State University Medical School in 1985 and is currently practicing medicine. Kriger was retained as counsel by Pierce in 2009. At that time, they began discussions as to a resolution of possible health care fraud charges against Pierce. Kriger presented to Pierce two options, advising Pierce of the consequences of each: proceed to trial or enter a plea of guilty. Kriger indicated that Pierce was facing a term of imprisonment, including the loss of his medical license. Pierce asked Kriger if there were any charges he could plea to without losing his ability to participate in the Medicaid/Medicare programs. Kriger indicated he would follow up with the AUSA and the HHS/OIG Agent of the case. Kriger met and had discussions with the AUSA and Agent in 2010 and 2011 regarding a possible pre-indictment plea agreement.

Kriger discussed with Zeola Carey, Special Agent from the HHS/OIG, whether there were any charges Pierce could plea to which would allow Pierce to continue to

participate in the Medicaid/Medicare programs. After discussions and inquiries to the exclusion division of HHS/OIG, Carey emailed AUSA Varner on April 28, 2011 indicating that she had a "solid answer on charges for Pierce" and that "[h]e can plead guilty to 1001 or 1516 in regards to the x-ray issue and WILL NEVER BE considered for a mandatory or permissive exclusion." (Adm. Ex. 4) The email to AUSA Varner included the email string from Robin Schneider, Senior Counsel, OCIG, agreeing to Carey's representation to AUSA Varner that,

> To facilitate plea negotiations between the USAO Eastern District of Michigan and defense counsel for Dr. Keith Pierce, SA Carey contacted Robin Schneider, Senior Counsel, OCIG. She explained that Dr. Pierce could plea guilty to Title 18 U.S.C. 1001, False Statements or Title 18 U.S.C. 1516 Obstruction of Federal audit, without facing mandatory or permissive exclusion penalties from the OIG.

(Adm. Ex. 4) Schneider responded to Carey's email, "You are correct. Good luck with resolving the case." (Adm. Ex. 4)

Kriger then advised Pierce that if Pierce pled to 18 U.S.C. § 1001, false statements, this would not trigger exclusion under the Medicaid/Medicare programs. Kriger indicated that AUSA Varner did not object to a sentence of probation, instead of a term of imprisonment.

On April 2, 2012, Pierce and Kriger signed a Rule 11 Plea Agreement with the Government, which did not include the representations made by the HHS/OIG that

3

a plea to 18 U.S.C. § 1001 would not trigger a mandatory or permissive exclusion penalties from the OIG. (Adm. Ex. 1) Although Pierce raised a concern that this representation was not addressed in the Rule 11 Plea Agreement, Kriger advised Pierce that it was not necessary. Kriger believed that based on Carey's representation, a plea to 18 U.S.C. § 1001 would not trigger mandatory or permissive exclusion by the OIG.

Relying on Kriger's advise and representations to him, Pierce, in open court on February 13, 2013, entered a plea of guilty to the Information charging Pierce with False Statements under 18 U.S.C. § 1001. The parties did not inform the Court about the representations made by HHS/OIG during the plea hearing. Pierce was sentenced on November 1, 2013 to five years of probation, with conditions of home confinement and restitution. (Judg., Doc. No. 15)

Pierce received a letter dated February 24, 2014 from the OIG's office. The letter signed by Charles Grant, Executive Director of the OIG, indicated that as a result of Pierce's conviction, HHS was "required to exclude you from eligibility to participate in any capacity in the Medicare, Medicaid and **all** Federal health care programs ..." (Adm. Ex. 3) Pierce was beside himself and extremely upset by the letter. Pierce thereafter contacted Kriger indicating to Kriger that Kriger had told him the exclusion would not be triggered if Pierce pled guilty to 18 U.S.C. § 1001.

4

Kriger thereafter contacted the United States Attorney's Office and had discussions with AUSA Varner, Ross Mackenzie, Varner's supervisor, and Daniel Lemish, Chief of the Criminal Division. The AUSA's office contacted the OIG and had conversations with Susan Gillen who indicated that despite Carey and Schneider's previous representations to the AUSA's office and Kriger, Pierce would be excluded from participating in the Medicaid/Medicare programs because of his conviction.

As a result of the OIG's current posture, Kriger and the AUSA's office agreed to jointly seek to vacate Pierce's conviction, first by stipulation and then by this motion, Pierce seeks to withdraw his plea so that he can enter into a plea for failing to Maintain Adequate Records Relating to the Use of Investigational New Drugs in violation of 21 U.S.C. §§ 331(e) and 333(a)(1), a misdemeanor, which would not implicate the exclusionary provisions.

### III. CONCLUSIONS OF LAW

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States,* 368 U.S. 487, 493 (1962). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must

be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262 (1971). The proper procedure by which to challenge a federal plea-based conviction is set forth under 28 U.S.C. § 2255 which provides that unless the motion and records of the case conclusively show that the prisoner is entitled to no relief, the court must hold a hearing, determine the issues and make findings of fact and conclusions of law. *Peavy v. United States,* 31 F.3d 1341, 1345 (6th Cir. 1994); 28 U.S.C. § 2255.

The Sixth Circuit "*emphasized* that an integration clause ordinarily prevents any assertion that there were side deals or promises." *Peavy,* 31 F.3d at 1345 (italics added). A plea agreement's integration clause precludes a defendant from asserting there exists another agreement apart from the written plea agreement. *United States v. Hunt,* 205 F.3d 931, 936 (6th Cir. 2000). A plea is presumed to be voluntary if all promises are contained in the plea agreement with an integration clause. *Osuna v. United States*, 2011 WL 5088710 at *4 (W.D. Mich. Oct. 25, 2011). To overcome this presumption, a defendant must *attest* to the fact that both he and the government acknowledged another agreement. *Id.* The existence of an integration clause, however, will not always preclude consideration of oral promises. *United States v. Smith,* 429 F.3d 620, 630 (6th Cir. 2005). A hearing is warranted to determine the terms of an oral promise, even where there was an integration clause, if the government concedes that there had been an oral promise that had been omitted from

6

the written agreement. *Id.* If the complete terms of the side agreement were never disclosed to the district court at the time of the plea, a hearing is required if the parties' silence especially, if the non-disclosure of the side agreement, is deliberate. *Peavy,* 31 F.3d at 1345.

The Rules of Criminal Procedures state that before accepting a plea of guilty, the court must address the defendant personally in open court and determine that the plea is voluntary and not the result of force or threats or promises made apart from those set forth in the plea agreement. Fed. R. Crim. P. 11(b)(2). When the record of a plea is incomplete and where the procedures of a plea are deliberately circumvented, the court cannot draw meaningful inferences from the defendant's silence as to any side agreements. *Peavy*, 31 F.3d at 1346. The district court "must take pains to ensure that all of the promises or assurances that the defendant claims to have received are disclosed." *Id.* Counsel for the government and the defendant must fully inform the court of all terms of the plea agreement, whether or not specifically asked. *Id.*

A plea agreement is traditionally analyzed under general principles of contract law. *Id.* Because a guilty plea involves the waiver of fundamental constitutional rights, the application of ordinary contract law principles to a plea agreement is not always appropriate. *Id.* When the prosecution breaches the plea agreement, the

proper remedy may be either specific performance or permitting the defendant to withdraw his plea. *Id.* The choice between these remedies is not up to the defendant but, rather, rests on the sound discretion of the district court. *Id.* The district court must determine who (agents, the government's attorney, etc.) made the promises to the defendant and, if so precisely what the promises were, whether the agent had the apparent authority to make the promises on behalf of the government, and whether the defendant relied, to his detriment, on the promises. *Id.* at 1347. The district court must ultimately determine whether the plea was a voluntary and intelligent plea. *Id.*

After reviewing the testimony and documents submitted at the evidentiary hearing, in addition to the arguments and briefs filed by the parties, the Court finds that the HHS/OIG agents and representatives, made the explicit representation to the AUSA and Pierce's counsel that if Pierce pled guilty to 18 U.S.C. § 1001, the exclusionary provisions would not be triggered. Both the defense and the AUSA agree that such a representation was made to the U.S. Attorney's Office and the defense. The Court further finds that Carey and Schneider, not only had the apparent authority to make this representation, but had actual authority to make this representation to both the AUSA and the defense. The Court further finds that as a result of the HHS/OIG's representation, Pierce, to his detriment, relied on this representation and entered a plea of guilty to 18 U.S.C. § 1001. Pierce, his counsel

8

and the U.S. Attorney's Office clearly relied on the HHS/OIG's representation that neither the mandatory nor permissive exclusions from the Medicaid/Medicare programs would be triggered. This representation is very clear from Carey and Schneider's email correspondence set forth in Exhibit 4. Based on this representation, Pierce's plea of guilty to 18 U.S.C. § 1001 was not made voluntarily nor intelligently.

The Court will set aside the Judgment of Conviction and Sentence in this case and allow Pierce to withdraw his plea of guilty. It appears that the HHS/OIG may not follow an order of this Court for specific performance since it appears that even when confronted with the evidence that the HHS/OIG represented to the U.S. Attorney's Office and the defense that neither the mandatory nor permissive exclusions would be triggered if Pierce pled guilty to 18 U.S.C. § 1001, the HHS/OIG refused to honor its previous representation. The HHS/OIG clearly reversed its position by excluding Pierce from the Medicaid/Medicare programs despite the HHS/OIG's previous representation. This reversal in its previous position is misleading and does not promote candid discussions and creates distrust between HHS/OIG and other government agencies, specifically the U.S. Attorney's Office and the HHS/OIG participants and the public.

As to the parties' request that the withdrawal of the plea should be entered *nunc pro tunc* to February 13, 2013, the date Pierce entered his plea of guilty to 18 U.S.C.

9

§ 1001, the Court grants the request under its inherent authority to order such and to restore Pierce to the position he was prior to the entry of his plea of guilty. *See, Patel v. Gonzales,* 432 F.3d 685, 693 (6th Cir. 2005); *United States v. Allen,* 153 F.3d 1037 (9th Cir. 1998); *United States v. Shepherd,* 102 F.3d 558, 564 (D.C. Cir. 1996).

### IV. ORDER

For the reasons set forth above,

IT IS ORDERED that Defendant Keith Pierce's Motion to Vacate Conviction and Sentence **(Doc. No. 16)**, agreed to by the Government, is GRANTED.

IT IS FURTHER ORDERED that the Judgment and Sentence **(Doc. No. 15)** is VACATED AND SET ASIDE.

IT IS FURTHER ORDERED that the Rule 11 Plea Agreement **(Doc. No. 9)** is VACATED AND SET ASIDE.

IT IS FURTHER ORDERED that Defendant Keith Pierce's Plea of Guilty to 18 U.S.C. § 1001 is WITHDRAWN.

IT IS FURTHER ORDERED that this Order is entered *nunc pro tunc* to February 13, 2013.

IT IS FURTHER ORDERED that the criminal action, Case No. 12-20701, is REOPENED and that a Status Conference is set for **October 23, 2014, 4:00 p.m.**

IT IS FURTHER ORDERED that United States Attorney's Office serve a copy of this Order to the General Counsel of HHS/OIG.

IT IS FURTHER ORDERED that the dates from February 13, 2013 to October 23, 2014, constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (i). The Court finds that the ends of justice served by the delay outweigh the best interest of the public and this Defendant in a speedy trial.

IT IS FURTHER ORDERED that Civil Case No. 14-13094 is CLOSED on the Court's docket.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 22, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2014, by electronic and/or ordinary mail.

S/Acting in the absence of LaShawn R. Saulsberry
Case Manager